J-A08004-21

2021 PA Super 122

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
JOEL CAMPBELL :
:
Appellant : No. 3406 EDA 2019

Appeal from the Judgment of Sentence Entered October 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000875-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.: **FILED JUNE 15, 2021**

The sole issue in this appeal is whether Joel Campbell's threat to Saharo Saccko during a physical altercation that "if you don't give me money, I'm going to finish you" was sufficient to support a conviction for terroristic threats under the circumstances in which the statement was made. We agree with the trial court that it was, and we therefore affirm Campbell's judgment of sentence for terroristic threats.

The following factual summary is undisputed for purposes of this appeal, except where noted. Campbell was painting the floor of Saccko's house in South Philadelphia. Campbell asked Saccko to give him $500 for more materials, and Saccko responded that he would only give Campbell $300.

_____

[*] Former Justice specially assigned to the Superior Court.

Campbell became angry and started yelling and cursing at Saccko, which caused Saccko to become scared of Campbell. Saccko picked up his phone to call the police, but Campbell slapped it out of his hand.

Campbell went to his van, which was parked outside, and Saccko called the police. Campbell then returned to Saccko's house. While the two men were on Saccko's front porch, Campbell punched Saccko in the mouth. The punch knocked out two of Saccko's teeth. Campbell then warned Saccko that "if you don't give me money, I'm going to finish you." N.T. Trial, 10/28/2019, at 21.

Campbell drove away in his van. Saccko retreated to his car to wait for the police. A few minutes later, Campbell again returned to Saccko's house, this time with his four children. Campbell walked up to Saccko in his car. Campbell removed a tire iron from a jacket he was now wearing and struck Saccko in the back of his head.

When the police arrived, Saccko refused to take an ambulance to the hospital. He insisted on waiting for a locksmith to change the locks on his house because Campbell had a key to his house. After the locksmith changed the locks, Saccko did go to the hospital for treatment.

Campbell was charged with several offenses in connection with this incident, including aggravated assault and terroristic threats. Saccko testified to the above events at Campbell's bench trial. Campbell, in turn, testified in his own defense. He admitted to getting into a physical altercation with Saccko over money and punching him in the mouth. Campbell testified that he then

drove home but returned to the property with his four children. He admitted that he approached Saccko while he was in his car and once again struck him with a weapon he retrieved from his jacket. According to Campbell, however, he did so in self-defense and used nunchucks to hit Saccko on his hand.

The trial court convicted Campbell of simple assault, possessing an instrument of crime and terroristic threats. The court then sentenced him to two years of probation. This timely appeal followed.

Campbell only challenges his conviction for terroristic threats. Campbell admits that he told Saccko that if he didn't give him his money, he would finish him. He argues, however, that this statement alone is insufficient to establish the intent necessary to sustain a conviction for terroristic threats. According to Campbell, the threat amounted only to a "spur-of-the-moment threat made as a product of transitory anger," which is insufficient to support a conviction for terroristic threats. Appellant's Brief at 8. This claim is meritless.

The evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all of the elements of the offense beyond a reasonable doubt. *See Commonwealth v. Blakeney*, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011). When determining whether the defendant had the requisite intent to commit a crime,

the fact-finder is free to conclude that the defendant intended the natural and probable consequences of his actions. ***See Commonwealth v. Holley***, 945 A.2d 241, 247 (Pa. Super. 2008).

To sustain a conviction for terroristic threats, the Commonwealth must prove that the defendant 1) made a threat to commit a crime of violence and 2) the threat was communicated with the intent to terrorize another. ***See Commonwealth v. Vergilio,*** 103 A.3d 831, 833 (Pa. Super. 2014); 18 Pa.C.S.A. § 2706(a)(1). "The purpose of [Section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security … It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S.A. § 2706 cmt. When determining whether a statement constitutes a terroristic threat, we must look at the statement in light of all of the surrounding circumstances. ***See Commonwealth v. Anneski***, 525 A.2d 373, 376 (Pa. Super. 1987).

The trial court found that there was more than sufficient evidence to convict Campbell of terroristic threats, and we agree. As the trial court explained:

> The evidence established that [Campbell] stated to [ ] Saccko, 'If you don't give me money, [I'm] going to finish you.' [Campbell] made [this] statement after punching [ ] Saccko in the mouth and knocking out two of his teeth due to a dispute over [ ] money. Moreover -- and in **direct contrast** to his contention that the statement was merely an instance of 'transitory anger' -- [Campbell] made good on his threat by returning to the scene shortly thereafter with a concealed weapon which he then used to strike [ ] Saccko in the back of the head.

Trial Court Opinion, 6/11/2020, at 7-8 (emphasis in original); **see also id.** at 8, n.2 ("Simply put, [Campbell]'s returning to the scene with a concealed weapon (which he utilized) soundly debunks the notion that his statement was 'merely an instance of transitory anger'").

In arguing that the trial court erred in reaching this conclusion, Campbell cites to **Commonwealth v. Sullivan**, 409 A.2d 888 (Pa. Super. 1979); **Anneski**, and **Commonwealth v. Walls**, 144 A.3d 926 (Pa. Super. 2016). It is true that in all three of these cases, this Court found that there was insufficient evidence to sustain a conviction for terroristic threats. In all three cases, the Court determined, in essence, that the circumstances demonstrated the threats at issue were merely spur-of-the-moment statements resulting from anger and did not evince a settled intent to terrorize. However, as the Commonwealth observes, the circumstances in those cases were readily distinguishable from those in the instant case.

Importantly, none of the three cases cited by Campbell involved a threat of physical violence that was sandwiched between actual acts of physical violence by the declarant.[1] Here, in contrast and as recounted above,

_____

[1] In its brief, the Commonwealth provides a more detailed summary of the differences between the three cases Campbell cites to and the instant case. **See** Commonwealth's Brief at 8-10. Briefly, **Sullivan** involved two threats that were made in anger but with "no evidence that appellant had any intention of carrying out [either] threat." **Sullivan**, 409 A.2d at 889. Obviously, the same is not true here. **Anneski** involved an appellant who threatened a victim that she would get a gun and use it if that victim acted on her threat to run into
*(Footnote Continued Next Page)*

- 5 -

Campbell punched Saccko, told him he was going to "finish him" if he didn't give him his money, and then returned to Saccko's house and carried out his threat by assaulting Saccko with a concealed weapon. These circumstances clearly provided a sufficient basis from which the trial court as fact-finder could infer that Campbell threatened Saccko with the intent to terrorize him. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2021

---

the appellant's children with her car. The ***Anneski*** Court held that the appellant's statement was not a terroristic threat under the particular circumstances of that case, which are clearly different from those here. ***See Anneski***, 525 A.2d at 375. Finally, ***Walls*** did not, unlike the instant case, involve a specific threat of harm. ***See Walls***, 144 A.3d at 938.